UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 SEP 30 P 3: 01

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| VS. : | NO.: 05-10564 JLT |
| XIOMARA CHENG : | |

**PETITIONER, XIOMARA CHENG'S MEMORANDUM IN SUPPORT
SECTION 2255 MOTION**

*I.    Statement of the Facts:*

The petitioner, Xiomara Cheng, petitions this Honorable Court, pursuant to Title 28, United States Code, Section 2255, seeking relief from a sentence heretofore imposed upon her on or about the 1st day of April 2003, per the Honorable Joseph L. Tauro, District Court Judge.

That sentence was effected as predicated upon a Plea Agreement between the Government and the Petitioner, previously filed with this court. The petitioner was sentenced to a term of thirty-three months imprisonment, together with a two year period of supervised release thereafter. Notably, the court denied the petitioner's Motion for a Downward Departure, and upon oral motion of the petitioner, a stay of that sentence was granted, pending appeal, which appeal was ultimately denied pursuant to a mandate of the United States Court of Appeals for the First Circuit, on or about the 16th day of August, 2004.

This petition followed.

## II.  Statement of the Issue:

Must the Petitioner's Application filed pursuant to 28 U.S.C. Section 2255 be granted, insofar as a sentence reduction is authorized and mandated pursuant to the decisions of the United States Supreme Court in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005)?

## III.  Legal Argument:

The United States Supreme Court, in its recent decision in *United States v. Booker*, 125 S.Ct. 738 (2005), held that the principles it has pronounced the previous year in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), were applicable to the United States Sentencing Guidelines and cases heard in pursuance thereof in the United States District Courts..

Initially, it should be noted that the Government's contention that *Booker* did not authorize a reduction in the context of the present case, is inconsistent with the actual decision of the Supreme Court itself. That court declared, "[t]he district courts, while not bound by the Guidelines, must consult those Guidelines and take them into account when sentencing." The basis of the petitioner's appeal, in part, was that the District Court Judge maintained the ability to exercise discretion in formulating a downward departure in fashioning an appropriate sentence. The court, and the appellate decision, however, determined that the same was not discretionary with the court. However, in light of the subsequent decision in *Booker*, that failure to accord any deference to the defendant's then motion was inaccurate and from which the petitioner has been prejudiced.

Further, the so-called aggravating enhancements applicable under the Sentencing Guidelines and for which the Petitioner received additional terms of imprisonment were never specifically pled in the Indictment nor were they presented to the jury for consideration thereof. While the guidelines are now "effectively advisory," *Booker*, at 756, it remains uncontroverted that this petitioner never factually plead to the three level adjustment suffered by her pursuant to the money laundering section of the Guidelines. In *Booker*, the Supreme Court expressly declared: "[w]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Simply stated, the facts authorizing such an enhancement were neither admitted by the defendant nor proven to a jury. In such circumstances, where the imposition of an enhanced sentence under the United States Sentencing Guidelines is based on a sentencing judge's determination of a fact (other than a prior conviction), the same is violative of the Sixth Amendment. *See, Apprendi.* 530 U.S. 466 (2000).

Notwithstanding the Government's Response, as set forth in pages 7-8 therein, the District Court enhanced this petitioner's sentence, three levels by making specific findings of fact which were neither admitted by her nor found conclusive by a jury. Further, the Government does not even contend that the facts constituting the basis for the enhancement were admitted by her but merely that her admission that she could have been sentenced to twenty (20) years on each count alone vitiates any concerns given rise by *Apprendi, Blakely* and *Booker.* Were that position to be adopted by this Court, would effectively the clear and unmistakable language of these decisions requiring facts

giving rise to a sentencing enhancement to have been admitted by a defendant or subject to the crucible of a jury's determination. Those decisions, by their very language, require that such enhancements to have been proven or admitted and in this case, they were not.

Notably, in its Response, the Government concludes, "[e]ven assuming a Sixth Amendment violation could have occurred...those rights established in *Booker* and *Blakely* are not retroactively applicable to cases on collateral review." (Response, at 13-14). However, neither the dictates of decisional authority nor simple logic support that proposition.

The Government's contention that the instant petition is procedurally flawed must also be dismissed. The Government can point to no decision, notwithstanding the provision of seven pages and mutual citations included within the body of its Response, which states that this Circuit has precluded relief from being granted within the procedural parameters currently extant in this matter. While Booker did not state it applied retroactively on collateral review, it did not preclude the same either. It seems fundamentally obvious that the Supreme Court would not establish and affirm a Sixth Amendment right for a criminal defendant and then preclude its application through the very procedural vehicle established by Congress to secure such redress for the same. Accordingly, it in unsurprising that no decisional authority has been established by the Government for its proposition that collateral review of Sixth Amendment violations has been precluded by Booker or its subsequent progeny.

*Conclusion:*

WHEREFORE, and for all the foregoing reasons the petitioner, Xiomara Cheng, prays the relief herein sought be granted as prayed.

>
> Petitioner,
> XIOMARA CHENG,
> By her Attorney,
>
> _____
> David A. Cooper, Esquire
> 127 Dorrance Street
> Providence, RI 02903
> (401) 273-1880
> BBO#

## CERTIFICATION

I, the undersigned, do hereby certify that I caused a true and correct copy of the within Memorandum to be served upon the following: Rachel E. Hershfang, Esquire, Office of the United States Attorney, John Joseph Moakley Building, One Courthouse Way, Boston, MA 02210, by hand delivery on this the 30th day of September, 2005.

_____