UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV- 10564-JLT

XIOMARA CHENG
Petitioner

v.

UNITED STATES OF AMERICA
Respondent

**REPORT AND RECOMMENDATION ON**

**PETITIONER'S APPLICATION FOR
WRIT OF HABEAS CORPUS
(Docket #1)**

ALEXANDER, M.J.

On March 22, 2005, the petitioner, Xiomara Cheng filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The grounds asserted in the petition relate to Ms. Cheng's sentencing and stem from the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The case was referred to this Court for a Report and Recommendation, and, for the reasons set forth more fully below, this Court RECOMMENDS that the petition for a writ of habeas corpus be DENIED.

**Relevant Background**

Ms. Cheng was indicted on September 26, 2001, on two counts of money laundering. Approximately one year later, on September 5, 2002, Ms. Cheng pled guilty to both counts. The government recommended, and the District Court imposed, on April 1, 2003, a thirty-three (33) month sentence, pursuant to the United States sentencing guidelines. In so doing, the District Court also denied Ms. Cheng's motion for a downward departure in her sentence. Ms. Cheng asseverated that she was entitled to a downward departure on the basis of extraordinary pre-sentence rehabilitation and because of her family circumstances. Ms. Cheng's sentence was stayed pending appeal. Ultimately, her appeal of the denial of the downward departure was dismissed for lack of jurisdiction on August 4, 2004. Ms. Cheng then filed her habeas petition on March 22, 2005.

**Analysis**

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence upon the ground that the sentence was imposed in violation of the Constitution or a federal law, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255 Rule 1. The statute also creates a one-year period of limitations for filing the motion:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. Subsection (3) applies to Ms. Cheng's habeas petition, the basis for which is that, in short, Booker requires a reduction or reconsideration of Ms. Cheng's sentence. The petition was timely filed.

Booker "severed and excised" provisions of the federal sentencing statute that made the Federal Sentencing Guidelines ("Guidelines") mandatory, thus making the Guidelines "effectively advisory." Booker, 125 S. Ct. at 756-57. In light of that decision, Ms. Cheng, like numerous defendants around the country

who were sentenced prior to Booker and pursuant to mandatory Guidelines, has filed a habeas petition, pursuant to 28 U.S.C. § 2255, seeking reconsideration of her sentence.

The federal courts to have addressed the issue, including courts in this Circuit, have consistently held, however, that Booker does not apply retroactively to cases on collateral review. E.g., United States v. Fraser, 407 F. 3d 9, 11 (1st Cir. 2005) ("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." (citing Cirilo-Munoz v. United States, 404 F. 3d 527 (1st Cir. 2005))); United States v. Morris, 429 F. 3d 65, 70 (4th Cir. 2005) (Booker does not apply retroactively); United States v. Gentry, 432 F. 3d 600, 605 (5th Cir. 2005) (same); Humphress v. United States, 398 F. 3d 855, 860 (6th Cir. 2005) (same); United States v. Bellamy, 411 F. 3d 1182, 1184 (10th Cir. 2005) (Booker does not apply retroactively to criminal cases that became final before Booker's effective date of January 12, 2005).

Ms. Cheng's habeas petitions is, therefore, quite easily addressed. Booker is not retroactive and can provide no basis for, and can not be applied to, the grounds raised in her petition. Ms. Cheng has set forth no other bases for her

petition and this Court therefore RECOMMENDS that the District Court DENY the petition for a writ of habeas corpus.

SO ORDERED.

2/17/06
Date

Joyce London Alexander
United States Magistrate Judge

## NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of the Report and Recommendations. The written objections must specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Svcs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), *reh'g denied*, 474 U.S. 1111 (1986).